**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SHIRLYN A. WASHINGTON** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 6:09-cv-432 |
| | § | |
| **ARELCO, INC., ET AL** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Order of the Magistrate Judge, which contains his recommendation that Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim be granted ("Report and Recommendation") has been presented for consideration (Doc. No. 33). On October 3, 2011, after the Magistrate Judge issued his Report and Recommendation granting Defendants' motion, Plaintiff Shirlyn Washington ("Plaintiff" or "Washington") filed what she referred to as a "Motion for an Extension of Time to File Opposition to Motion to Dismiss For Plaintiff's Failure to State a Claim." (Doc. No. 35). Because the Magistrate Judge had already ruled on Defendants' Motion, the Magistrate Judge treated Plaintiff's request as a request for an extension to file objections to the Report and Recommendation. *See* (Doc. No. 36).

On November 21, 2011, Plaintiff filed her "response" to Defendants' motion to dismiss. (Doc. No. 38). Pursuant to the Magistrate Judge's October Order (Doc. No. 36), the Court treats Plaintiff's response as an objection to the Magistrate Judge's Report and Recommendation. Plaintiff's response restates some of her previous allegations under the guise of a negligence action

but does not present any objections to the Report and Recommendation. *See* (Doc. No. 38).

Even if the Court were to accept Plaintiff's response as proper, it fails to state a plausible claim for relief. While Plaintiff's response generally includes allegations that Defendants' actions amounted to negligence, the response does not provide sufficient facts that plausibly establish a cognizable claim for negligence. In order to succeed on a claim of negligence, Plaintiff must establish three elements: (1) a legal duty by the defendant; (2) a breach of that duty; and (3) damages proximately resulting from that breach. *D. Houston, Inc. v. Love,* 92 S.W. 3d 450, 454 (Tex. 2002). Moreover, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff's response does not substantively alter her previous allegations, but only includes the addition of legal conclusions that Defendants acted negligently. *See* OBJECTIONS at 2. The crux of Plaintiff's argument remains that "Defendants rented [Plaintiff's son] a car without inspecting his driver's license and that failing to do so constituted a violation of company policy." REPORT AND RECOMMENDATION at 4. The addition of conclusory legal statements does not raise Plaintiff's allegations to the level of a proper pleading. Thus, for the reasons explained above and those in the Magistrate Judge's Report and Recommendation, the Court finds that Plaintiff has failed to state a cognizable legal claim.

Accordingly, the Court is of the opinion that the Magistrate Judge's findings in the Order are correct. Therefore, Plaintiff's objections are overruled and the Court hereby adopts the Order of the United States Magistrate Judge as the findings and conclusions of this Court.

**It is SO ORDERED.**

**SIGNED this 14th day of February, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE